MARY MALONEY, ETC., *v.* ST. LOUIS MUTUAL INSURANCE COMPANY.

### Equity—Trial of Issues of Fact.

In equitable proceedings, or in actions pending on the equity docket by consent of the parties, the issues of fact are triable by the court, subject to the power of the chancellor to order issues of fact to be tried by a jury.

### Equity—Submission to Jury.

In equitable proceedings and in actions pending in equity, the court is not bound, on motion of one of the parties, to submit issues of fact to a jury.

### Appeal—Reversal—Refusal to Submit Question to Jury.

To authorize the Court of Appeals to reverse a judgment merely because a motion to submit questions of fact in an equity proceeding to a jury has been overruled, it must be made to appear that the court abused its discretion in overruling the motion.

APPEAL FROM MARION CIRCUIT COURT.

February 20, 1873.

OPINION BY JUDGE LINDSAY:

If it be true that appellants declared in three distinct causes of action, still they are each cognizable at law. The prayer to the third paragraph of the petition, it is true, is for a specific enforcement of the alleged contract to insure, but it also explains that the specific enforcement desired is a judgment for five thousand dollars in money, the exact relief that would have been asked had the action been based on a policy of insurance, instead of the alleged oral contract to insure.

In the petition for a rehearing it is insisted that appellants did not ask to have the cause transferred to the ordinary side of the docket, but merely that they should have the issues of fact tried by a jury.

In equitable proceedings, or in actions pending on the equity docket by consent of the parties, the issues of fact shall be tried by the court, subject to its power to order any such issue or issues to be tried by a jury. (Sec. 341, Civil Code of Practice.)

The court is not bound in such proceedings upon the motion of one of the parties to submit issues of fact to a jury. It is a matter

within the sound discretion of the judge, and to authorize this court to reverse a judgment merely because such a motion has been overruled, it must be made to appear that this discretion had been abused. It has not been abused in this case. Nor do we deem it necessary to reargue the facts involved in this litigation.

Appellants failed to sustain either of the causes of action set up in their petition.

Motion for rehearing overruled.

*Russell & Avritt, for appellant.*

*Rountree & Fogle, for appellee.*